UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                            MEMORANDUM OPINION
                                                          AND ORDER
                                                          Crim. File No. 08-95 (MJD)

KRIS ALAN HAHN,

    Defendant/Petitioner.

---

Julie E. Allyn, Assistant U.S. Attorney for Plaintiff/Respondent.

Defendant/Petitioner, *pro se.*

---

## I.   INTRODUCTION

This matter is before the Court on Petitioner's Motion for a New Trial pursuant to Fed. R. Crim. P. 33. [Doc. No. 74].

## II.   BACKGROUND

On March 25, 2008, a felony information was filed charging Petitioner with one count of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e). On April 29, 2008, Petitioner entered into a Plea Agreement by

which he pleaded guilty to the one-count information.  At the Plea Hearing, Petitioner confirmed that he understood that he was being charged by Information, and that he understood he had the right to have a grand jury determine whether probable cause existed as to the charge of producing child pornography.  (Plea Transcript, p. 4.)  He orally waived his right to a grand jury, and he also signed a written waiver of Indictment.  (Id.)

During his plea colloquy, Petitioner was questioned as to whether he understood and agreed to the terms of the Plea Agreement.  The Petitioner responded that he did understand the terms and agreed to such terms.  (Id., p. 12.)  The Petitioner was also extensively advised of the constitutional rights that he would give up by entering into a guilty plea. (Id., p. 12-14.)  The Court also inquired of the Petitioner as to whether he received any threats or promises in exchange for his plea of guilty, to which he responded "No, sir."  (Id. p. 16.)  Thereafter, the Petitioner confirmed that he was knowingly, voluntarily and intelligently waiving those rights.  (Id. p. 18.)

The Petitioner further affirmed the factual basis included in the written Plea Agreement.  He affirmed that on or about December 6, 2006, he enticed K.S.H., a minor over the age of 12, to pose for photographs which lasciviously

displayed her genitals or pubic area, and he affirmed that he took pictures of K.S.H. with a digital camera, and that he sent K.S.H. one of the sexually explicit pictures over the Internet, and that he knowingly distributed in interstate commerce, through a computer, child pornography.  (Id. p. 20.)

On January 23, 2009, Petitioner was sentenced to a term of imprisonment of 210 months, which was the high end of the applicable advisory guideline range.

### III.   Motion for New Trial

Petitioner moves this Court for a new trial pursuant to Fed. R. Crim. P. 33. "By its express terms, Rule 33 is confined to those situations in which a trial has been had. . . . A defendant who enters a guilty plea cannot thereafter use Rule 33 as a wedge to undo his acknowledgment that he committed the offense."  United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995) (listing cases).   As the Petitioner entered into a plea of guilty in this case, admitting his guilt, he is not entitled to relief under Rule 33.

### IV.   Successive Habeas Petition

The government asserts that the Court could construe this motion as a successive petition for post-conviction relief pursuant to 28 U.S.C. § 2255.  Before such a petition may be considered by this Court, however, Petitioner must first

obtain pre-authorization from the Court of Appeals.  28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).  As the record does not indicate that Petitioner obtained such pre-authorization, the Court cannot entertain a successive motion for post-conviction relief at this time.

IT IS HEREBY ORDERED that Petitioner's Motion for a New Trial [Doc. No. 74] is DENIED.

Date:   February 13, 2012

> s/ Michael J. Davis
> Michael J. Davis
> Chief Judge
> United States District Court