UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Kris Alan Hahn,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 08-95 (MJD)

---

Lisa D. Kirkpatrick, Assistant United States Attorney, Counsel for Plaintiff.

Hillary Parsons, Caplan & Tamburino, Counsel for Defendant.

---

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion.

## I.  Background

Defendant was charged by Information with producing child pornography in violation of 18 U.S.C. §§ 2251(a) and (e); a violation which carries a mandatory minimum term of fifteen years imprisonment. On April 29, 2008, Defendant entered into a Plea Agreement by which he pleaded guilty to the one-count Information. On January 23, 2009, Defendant was sentenced to a term of 210

1

months in prison, which was at the top of the applicable guideline range of 168 to 210 months.

Defendant is currently incarcerated at the Federal Medical Center in Butner, North Carolina and is scheduled for release on July 26, 2023.

On November 14, 2019, Defendant filed this motion for compassionate release. In support, Defendant claims he suffers from a number of serious medical conditions, including cancer of the larynx and congenital heart failure. Defendant claims that he has exhausted his administrative remedies with regard to this request.

In response to this motion, the government contacted the Bureau of Prisons ("BOP") to verify that he had submitted a request for compassionate release to the warden as required. Counsel for Defendant then sent a letter to the Warden of the Butner facility on Defendant's behalf. (Doc. No. 96-1, Gov't Ex. 1.) In response, the Warden informed Defendant by letter dated December 18, 2019 that his request was denied. (Id., Gov't Ex. 2.)

> It has been determined that you **do not** meet the criteria under **Terminal or Debilitated** at this time. You have completed radiation treatment for Cancer of the Larynx. You are fully ambulatory and can attend to your Activities of Daily Living. At this time you do not have any life threatening medical condition.

Id.

## II. Motion to Reduce Sentence

### A. Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies:

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.13 of the United States Sentencing Guidelines ("USSG") addresses motions pursuant to 18 U.S.C. § 3582(c)(1)(A). While § 1B1.13 has not been amended to reflect the statutory amendments to § 3582(c) made pursuant to the First Step Act, both parties cite to the policy statement in support of their respective positions.

Application Note 1 to Section 1B1.13 addresses what should be considered extraordinary and compelling reasons due to the medical conditions of the defendant.

(A) Medical Condition of the Defendant.--

> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (I.E., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-state organ disease, and advanced dementia.
> >
> > (ii) The defendant is –
> >
> > > (I) Suffering from a serious physical or medical condition,
> > > (II) Suffering from a serious functional or cognitive impairment, or
> > > (III) Experiencing deteriorating physical or mental health because of the aging process,
> >
> > That substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G., Section 1B1.13, Application Note 1.

In addition to whether Defendant's medical condition can be considered "extraordinary and compelling," the policy statement also provides the Court should consider whether Defendant "is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

4

B. Analysis

Defendant argues he clearly meets the BOP standards set out in Program Statements 5049.49 and 5050.50 and the compassionate release criteria set forth in 18 U.S.C. 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13. Defendant further argues that the factors set forth in 18 U.S.C. § 3553(a) will be satisfied if the Court grants his motion.

Defendant has presented no evidence or argument to support his motion. He has not submitted any medical records or other evidence to demonstrate his medical conditions are extraordinary and compelling. Furthermore, Defendant cites to twenty-three decisions from other jurisdictions claiming they are similar to the circumstances presented in this case[1].

For example, Defendant cites to <u>United States v. Zeich</u>, No. 1:93 CR 5217 (E.D. California). In reviewing the court docket, there is no docket entry for an order granting Defendant Zeich compassionate release. Defendant Hahn also argues that the district court judge lobbied the BOP for Zeich's release, but

---

[1] LR 7.1(k) provides "If a judicial opinion, order, judgment, or other written disposition cited by a party is available in a publicly accessible electronic database, the party is not required to file and serve a copy of that document. But if a judicial opinion, order, judgment, or other written disposition cited by a party is not available in a publicly accessible electronic database, the party must file and serve a copy of that document as an exhibit to the memorandum in which the party cites it." Here, Defendant did not cite to any westlaw or lexis citation, nor did he provide a copy as required by this local rule.

5

provides no support, such as an affidavit or citation to the record, in support of such assertion.

Another case cited to by Defendant is United States. v. Garcia, No. 2:11 CR 935 (C.D. California), claiming that case is similar to this case. Garcia was granted compassionate release based on his diagnosis of terminal Chronic Myelogenous Leukemia, and that the condition rendered him in such poor health that he posed no reasonable nor substantial risk of danger to his family or the community. Garcia No. 2:11 CR 935 (Doc. No. 1392 at 2-3) (C.D. Cal. Mar. 22, 2019). In this case, there is no evidence before the Court that Defendant is suffering from a terminal illness or that his condition has rendered him in poor health as Defendant has not submitted any of his medical records.

Even if Defendant could demonstrate "extraordinary and compelling reasons" based on his medical condition, the factors set forth in § 3553(a) do not support the motion.

The § 3553(a) are as follows:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Defendant's offense conduct included the rape of a 12-year-old girl who was the daughter of a close friend. Defendant also forced the victim to pose for photographs which lasciviously displayed her genitals and pubic area. The victim and her family were devastated by Defendant's abuse. (Doc. No. 31 (Sentencing Transcript at 16-21).) Thus, the seriousness of Defendant's offense does not support his motion.

In addition, the statute of conviction carries a fifteen-year mandatory minimum, and Defendant's early release would subvert congressional intent with regard to this type of offense.

Early release will also not serve to protect the public from further crimes from the Defendant. The government has submitted a prison Disciplinary Report from September 2015 which describes the Defendant possessing hundreds of photographs of females, many of which appeared to be minors, in various stages of undress in sexually provocative poses contained within two photo albums and two three-ring binders. (Doc. No. 98). Because the risk of recidivism is high among sex offenders, and in particular pedophiles, the public

safety factor warrants that Defendant's motion be denied.  See <u>Smith v. Doe</u>, 538 U.S. 84, 103 (2003) ("The risk of recidivism is 'frightening and high.'"); <u>United States v. Garthus</u>, 652 F.3d 715, 720 (7th Cir. 2011) (citation omitted) ("A pedophilic sex offender who has committed both a child-pornography offense and a hands-on sex crime is more likely to commit a future crime, including another hands-on offense, than a defendant who has committed only a child-pornography offense.")

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release [Doc. No. 94] is **DENIED.**

Date:   February 28, 2020            s/ Michael J. Davis
                                                  Michael J. Davis
                                                  United States District Court